### HORNUM v. McNEIL et al.

(Supreme Court, Appellate Division, Second Department. March 6, 1903.)

1. ARCHITECT'S SERVICES—TRIAL—ORDER OF PROOF.
    Where, in an action for architect's services, defendant testified to an alleged restriction on the cost of the building, it was proper to permit plaintiff to deny such restriction in rebuttal.

2. SAME—HEARSAY.
    In an action for architect's services, plaintiff's evidence that a change in the plans by defendant from gravel roofs to roofs of glass and iron operated to increase the cost was not objectionable as hearsay, though plaintiff based his statement, in part, on the statements of a contractor.

3. SAME—STRIKING OUT EVIDENCE.
    Where evidence, in an action for architect's services, relating to the ascertainment of extra expense in the building, was received both on direct and cross examination without objection, defendant had no absolute right to have a part of such evidence stricken out.

Appeal from Trial Term, Kings county.

Action by Louis A. Hornum against Donald McNeil and another. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

James D. Bell, for appellants.
George M. S. Schulz, for respondent.

HIRSCHBERG, J. The jury found in favor of the plaintiff, upon disputed evidence, under a charge which was impartial and accu-

rate, and to which the defendants took no exception. The verdict established the plaintiff's version of the transaction, which was also in harmony with the written contract executed by the parties, by which the plaintiff was employed as an architect to design and supervise the construction of a building for the defendants at the stipulated price of 3 per. cent. upon the unrestricted cost of the building. The defendants claimed that it was orally agreed that the building should not cost over $20,000. In their verified answer they assert that the cost was "not to exceed between twenty and twenty-five thousand dollars," and the lowest estimate obtained by them upon the completed plans and specifications was proven to have been a trifle beyond $27,000. They paid the plaintiff $250 on account when the contract was signed, and terminated his employment on receiving the estimates. We do not think the verdict ($530) either excessive or against the weight of evidence, and it may be noted that no motion was made to set it aside. The rule of damages stated by the learned trial justice in his charge is conceded to be correct in an action like this—for breach of the contract of employment—and there is no data available to indicate that the jury departed from it in making their assessment.

The exceptions taken are not well founded. It was competent for the plaintiff, after the defendants had testified to the alleged restriction upon the cost of the building, to negative that testimony by his denial. It would be within the discretion of the court to permit it, even were it not strictly rebuttal. Nor was his evidence hearsay, to the effect that the change made by the defendants in the plans from gravel roofs to roofs of glass and iron operated to increase the cost, notwithstanding he based it in part upon the statements of a contractor. The statement was matter of professional opinion, formed in the discharge of the functions of his employment. It was within the line of the plaintiff's duty to figure upon the cost of construction, such as would be reasonable and proper for a building of the kind contemplated, and the evidence given by him as to the ascertainment of the extra expense was received both on direct and cross examination without objection. Under the circumstances, the defendants certainly had no absolute right to have it stricken out. The cases cited by the learned counsel for the appellants are not in point. Mima Queen & Child v. Hepburn, 7 Cranch, 290, 3 L. Ed. 348, related to hearsay evidence as such, viz., the attempted proof of a specific fact by a recital that another person told it to the witness. People v. Millard, 53 Mich. 63, 18 N. W. 562, was a criminal trial, and the hearsay evidence introduced was scientific opinions (page 75, 53 Mich., and page 567, 18 N. W.), "in the shape of references to writers and books in such a way as to invoke their authority."

The judgment should be affirmed.

Judgment and order unanimously affirmed, with costs. All concur.